# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

JOHN PARKER *vs.* H. C. MAXWELL, Administrator.

November 29, 1890.

Action by or against Executors or Administrators—Usury—Competency of Party as Witness.—In an action by or against the personal representatives of a deceased person, in their representative capacity, upon a contract made between the adverse party and another person who had assigned the contract to the deceased, such adverse party is a competent witness in his own behalf to prove that the contract with the assignor was usurious. Laws 1879, c. 66, § 5, construed as not applicable to such a case.

Action brought in the district court for Swift county, to recover possession of a horse and two cows, of the value of $140, with $300 damages for their detention. Trial before *John H. Brown*, J., and verdict directed for defendant, who appeals from an order by *Powers*, J., granting a new trial.

*E. T. Young*, for appellant.

*S. H. Hudson*, for respondent.

DICKINSON, J. The facts relied upon by the respective parties in this action were very imperfectly presented, both in the pleadings and upon the trial. However, it seems apparent that there was no attempt at the trial to confine the case strictly within the allegations

v.45M.—1

of the pleadings. The action was for the recovery of personal property alleged to have been wrongfully taken by the defendant. While in the caption or title of the cause the defendant is named "as administrator of the estate of W. A. Mattice, deceased," there is no statement in the body of the complaint of anything relating to the representative capacity of the defendant. Nor does the answer or the reply refer to that relation, except in the title of the cause prefixed to the pleadings. But upon the trial it was admitted, as a part of the plaintiff's case, that the defendant was such administrator, and the defendant gave evidence, without objection, going to show a right in himself, as administrator of the estate, to the possession of the property. It is apparent that the action was tried and defended on the theory of its being an action against the defendant in his representative capacity of administrator. The defects in the pleadings in this particular should now be disregarded. It appeared by the admissions in the pleadings and by evidence that the plaintiff had mortgaged this property to one Spencer as security for the payment of the plaintiff's promissory note given to Spencer, and which the defendant's intestate, Mattice, had also signed as surety, or, at least, in his behalf, but in such form that he would be chargeable to the payee as maker; that after the death of Mattice, Spencer presented the note as a claim against his estate, and, this being allowed and paid, the note was transferred to the estate. The defendant, being thus subrogated to the rights of the mortgagee, Spencer, took the property in controversy by virtue of the mortgage. In rebuttal of the defence thus shown, the plaintiff (who had pleaded in reply that the note and mortgage to Spencer were usurious, and that Mattice had knowledge thereof) was called as a witness in his own behalf. An objection made by the defendant to any testimony by this witness as being incompetent under the statute, was sustained by the court.

The statute referred to in support of the objection is section 5, c. 66, Laws 1879, which is as follows: "Whenever in any action in any court the defendant shall plead or answer the defence of usury, either party to the action may be a witness in his own behalf on the trial, except in actions in which the opposite party sues or defends as administrator or personal representative of a deceased person; except

also actions in which the opposite party claims as assignee, and the original assignee is deceased." It seems apparent that this part of the statute was hastily framed, and that it does not clearly express the intention of the legislature. We think that this is true in other particulars than that here to be considered, but we will not digress to treat of such other matters. While it has long been the policy of this state, expressed in its general legislation, to allow parties and those interested in the result of actions to testify therein, this general rule has been, for obvious reasons, qualified as respects the competency of an interested party to testify to conversations with or admissions of deceased persons. It was unnecessary, in view of existing statutes, to have enacted the particular provision allowing parties to be witnesses in their own behalf upon the issue of usury. It may be presumed to have been done as a precaution to prevent any question arising as to the competency of such persons as witnesses, rather than as intended to lay down a new rule, or to change the existing law. Indeed, this part of the section did not enlarge the scope of the existing general law upon that subject, but was in harmony with it; and the same reasons which had led to the qualification of the general rule of the competency of interested parties, as respects transactions with a deceased person, would suggest a like qualification to the rule here declared, allowing interested parties to testify upon the issue of usury. And to this end we think the exception in the statute recited above was directed, although it must be confessed that the intention of the legislature was very imperfectly expressed. On the other hand, to construe the statute strictly according to its language would lead to results which would seem to be quite at variance, both with the general policy of the law as expressed in the general statute, and with the purpose of the particular statute above recited. Adopting such a construction, if the personal representative of a deceased person were to sue upon a contract which had been assigned to the deceased, and which had been entered into between such assignor and the defendant, the defendant would not be competent to testify that the contract was usurious, even though the assignor had been produced as a witness by the plaintiff, and had testified that there was no usury in the transaction. The statute cannot be rea-

sonably so construed. In case, however, of the contract in question having been made between the deceased party (whose personal representative sues or defends) and the other party to the action, the application of the statute is more apparent, and the right of the surviving party to the contract to testify upon the issue of usury would be restricted by this statute. The contract concerning which the testimony of the plaintiff was offered, was made between him and Spencer, who presumably was still alive, and who might have been produced as a witness at the trial. The statute as we construe it did not justify the exclusion of this testimony, and for this reason the order granting a new trial is affirmed.